IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERRELL MICKLES, # 11733-003,** | : |
| **Plaintiff,** | : |
| vs. | :  CIVIL ACTION 21-0346-JB-N |
| **BOGOTA, COLUMBIA,** *et al.*, | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff Terrell Mickles, who is proceeding *pro se*, filed a complaint and a brief "(ifp) motion"[1] while a federal prison inmate.[2] (Doc. 1). Upon review of this complaint and Plaintiff's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fees when he filed this action.

**I. Section 1915(g) and Mickle's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or

---

[1] By separate order, Plaintiff's motion to proceed *in forma pauperis* is being denied.

[2] Plaintiff was convicted of possession with intent to distribute crack cocaine in *USA v. Terrell Mickels* #11733-003, Crim. No. 10-00152-WS-B (S.D. Ala. June 29, 2011) and received a sentence that included 188 months in custody. And, when he filed the present complaint, he also filed *Mickles v. USA,* CA 21-0344-JB-N (S.D. Ala.) and *Mickles v. USA,* CA 21-0345-JB-N (S.D. Ala.).

> appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Plaintiff sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned conducted a nationwide review of the civil records of the United States District and Appellate Courts to determine if Plaintiff has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that Plaintiff has at least three actions and appeals dismissed for one of the

foregoing reasons, namely,[3] *Mickels v. Steele*, CA No. 15-0117-KD-C (S.D. Ala. 2016) (frivolous dismissal); *Mickels v. Moore*, CA No. 14-0086-WS-N (S.D. Ala. 2014) (frivolous and failure-to-state-a-claim dismissal), *appeal dismissed*, No. 14-14763-C (11th Cir. 2015) (appeal dismissed as frivolous by a three-judge panel)[4]; and *Mickles v. Springfield Med. Ctr. for Fed. Prisoners*, No. 6:16-cv-03494-BP (W.D. Mo. Jan. 24, 2017) (frivolous dismissal).  (The Court also discovered that Plaintiff's case, *Mickles v. Steele*, CA 16-0369-CG-B (S.D. Ala. 2016), was dismissed pursuant to 28 U.S.C. § 1915(g).)  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).  Consequently, the present action is due to be dismissed unless Plaintiff can satisfy the exception to § 1915(g).

## II.  **Section 1915(g)'s Exception**.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff must show that he was "under imminent danger of serious physical injury."  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at

---

[3] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.  *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

[4] In *Mickels v. Moore*, *supra*, the district court's determination and appeals court's determination are counted as two strikes.  *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("Congress would have us count both the dismissal in the district court *and* the separate dismissal of the appeal as frivolous."), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759, 1763, 135 L.Ed.2d 803 (2015) (ruling that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal," and rejecting that it must be an affirmed dismissal in order to count as a strike).

a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Plaintiff has not stated that he was experiencing or would experience an imminent danger of serious physical injury. Further, the Court finds that his complaint's allegations are incomprehensible and do not convey a clear claim. Plaintiff titles his complaint "Compact Treaty Protection Electric Fund Act pursuant to 15 USCS Section 1693 and Guardian-Ward pursuant to 31 USCS sect. 1102 [sic]" and names as Defendants Bogota, Columbia, and World Bank, Inc. (Doc. 1 at 1, PageID.1). The allegations contain references to the Public Safety Act, the Commerce Clause, and the Fair Labor Standards Act, among other things. In addition, Plaintiff attached to the complaint a document from the IRS. (*Id.* at 2, PageID.2). The Court is unable to discern from the allegations and the attachment that Plaintiff was in imminent danger of suffering a serious physical injury when he filed his complaint.

Section 1915(g) requires that Plaintiff must be in imminent danger of serious

physical injury when he filed his complaint. 28 U.S.C. § 1915(g). But, when Plaintiff filed the complaint on August 3, 2021, there is no indication that he was in imminent danger of serious physical injury. However, it is Plaintiff's burden to make such a showing. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193. Accordingly, the Court finds that Plaintiff did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint.

### III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings

or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 14th day of September, 2021.

s/ *Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**